NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERALD L. FLUNDER, Jr., | No. 14-15906 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01893-DGC |
| v. | |
| ARIZONA BOARD OF REGENTS, a public entity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted April 11, 2017**

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Gerald L. Flunder, Jr., appeals pro se from the district court's judgment

dismissing his 42 U.S.C. §§ 1981, 1983 and 1985 action alleging racial

discrimination and retaliation.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2011) (dismissal on the basis of the statute of limitations); *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)). We affirm.

The district court properly dismissed Flunder's claims under §§ 1981, 1983 and 1985, other than his § 1981 retaliation claim, on the basis of the applicable statute of limitations because the claims accrued more than two years before Flunder filed this action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (stating that a § 1983 claim is subject to Arizona's two-years statute of limitations for personal injury claims and "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action"); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711-12 (9th Cir. 1993) (the limitations period that governs § 1983 claims also governs claims under §§ 1981 and 1985); *see also Johnson*, 653 F.3d at 1007 (recognizing that "some § 1981 claims continue to be subject to the most analogous state statute of limitations").

Dismissal of Flunder's retaliation claim under § 1981 was proper because Flunder failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient

14-15906

to state a plausible claim for relief); *Manatt v. Bank of Am., NA*, 339 F.3d 792, 800 (9th Cir. 2003) (elements of a § 1981 retaliation claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED**.

14-15906